UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

WANONA SNOWDEN,     )
                              )
          Plaintiff,     )
                              )
       v.                 )     Case No. 20-03300-CV-SW-JAM-SSA
                              )
                              )
MARTIN O'MALLEY,     )
Commissioner of Social Security,     )
                              )
          Defendant.     )

## ORDER

On September 5, 2024, Plaintiff Wanona Snowden filed a Motion for An Award of Attorney Fees Under 42 U.S.C. § 406(b), including numerous attachments. (Doc. 29) This motion seeks approval of Plaintiff's counsel's request for attorney's fees in the amount of $19,310.50. The Commissioner filed a response, indicating that attorney's fees have already been withheld from the past due benefits awarded to Plaintiff but remain held by the Social Security Administration pending court approval. (Doc. 30)

As supported by the attachment at Doc. 29-5, the amount of $19,310.50 is in accordance with the contingency fee contract between Plaintiff and Plaintiff's counsel, in which Plaintiff recognized her counsel is entitled to 25 percent of Plaintiff's past-due benefits. Title II past-due benefits total $77,242.00 (Doc. 29-8), and 25 percent of this number equals $19,310.50, the amount Plaintiff's counsel is requesting. The Court already awarded attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $6,434.40 (Doc. 28), which Plaintiff's counsel represents will be refunded to Plaintiff if payment under Section 406(b) is approved.

1

Defendant does not take a position on the amount requested for payment of attorney's fees in this case but requests that Plaintiff's counsel be ordered to refund to Plaintiff the previously received attorney's fees under the EAJA. Pub. L. No. 99-80, § 3, 99 Stat. 186 (August 5, 1985) (attorney must refund smaller of the § 406(b) or EAJA fee to his client); *see also Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) (contingency agreement regarding attorney's fees awarded pursuant to 42 U.S.C. § 406(b) cannot exceed 25 percent of claimant's past due benefits award and must be reasonable for the services rendered).

The Court in *Gisbrecht* instructs that attorney's fees awarded under 42 U.S.C. § 406(b) must be reasonable as independently determined by the Court, and may not exceed 25 percent of the claimant's past-due benefits. 535 U.S. at 807. The following factors are analyzed as part of the Court's reasonableness inquiry: "the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel." *Jones v. Berryhill*, 600 F. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807-08). The Court may also consider hourly rate. *Id*. at 588.

Here, the "character of the representation" was reasonable. Plaintiff retained counsel to represent her and agreed to the 25 percent contingent-fee payment arrangement. (Doc. 29-5) The Supreme Court has noted that contingency agreements for the statutory maximum of 25 percent "are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. Nothing suggests the agreement in this case is unreasonable. Moreover, there is no indication in the record or allegation from the Commissioner that Plaintiff's counsel was responsible for any significant or undue delays. *See Lammers v. Saul*, No. 17-00288-

CV-W-SWH, 2020 WL 3452611, at *2 (W.D. Mo. June 24, 2020) (if the attorney is responsible for causing delay, a reduction in fees is warranted to prevent the attorney from benefiting financially from the accumulation of benefits while the case is pending in court); *see also Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (unnecessary delays caused by an attorney can reflect poorly on the character of their representation and lead to a reduction in the fee award).

In evaluating the "result the representative achieved," Plaintiff's counsel secured $77,242.00 in past-due benefits for Plaintiff. (Doc. 29-8) This favorable outcome was a direct result of counsel's thorough review of the extensive case record and the drafting of key briefs. (Docs. 10-2, 12, 20, 29-6) These efforts were essential in building a compelling case and achieving a successful result for Plaintiff.

The Court must also consider whether the "benefits are large in comparison to the amount of time counsel spent on the case" in order to avoid a windfall. *Gisbrecht*, 535 U.S. at 808. The record contained over 2,400 pages and Plaintiff's counsel spent a total of 29.90 hours on the civil litigation, which included preparing substantive memoranda. (Docs. 10-2, 12, 20, 29-6) Plaintiff's counsel thoroughly reviewed the record in order to draft a 19-page brief in support of the Complaint, in addition to a 6-page reply brief, requiring 22.8 hours. (Docs. 12, 20, 29-6) The total Section 406(b) fee of $19,310.50 would result in an hourly rate of $645.84. This fee amount is not unreasonable for this Section 406(b) Social Security case. Other courts have awarded fees that translate into hourly rates equal to or in excess of those sought by counsel in this case. *See, e.g., Brown v. Kijakazi*, 2023 WL 4947824, at *3 (E.D. Mo. Aug. 3, 2023) (approving § 406(b) attorney's fees in the amount of $1,385.16 per hour); *Porterfield v. Kijakazi*, 4:20-cv-01443 SRW,

3

2023 WL 5722612, at *5 (E.D. Mo. Sept. 5, 2023) (approving a fee equivalent to an hourly rate of $2,016.27); *Williams v. Kijakazi*, 4:22-cv-00358 SPM, 2023 WL 7214047, at *2 (E.D. Mo. Nov. 2, 2023) (approving Section 406(b) attorney's fees with an effective rate of $805.08 per hour); *Long v. Saul*, 2021 WL 2588110 (N.D. Ind. June 24, 2021) (approving a total fee of $21,742 and noting that an hourly rate of $1,711.96 is within the range of § 406(b) rates approved by courts).

Plaintiff's counsel asserts that the effective hourly rate of $645.84 is not excessive when considering the contingent nature of the case. When adjusted by a factor of 2.8, based on the statistical likelihood of prevailing, the equivalent non-contingent hourly rate is reduced to $230.66. This adjusted rate is comparable to the non-contingent rates of $206.00 and $216.00 per hour for work done in 2020 and 2021/2022, which was previously approved for the EAJA fees awarded herein. (Doc. 28) The EAJA fee awards are not contingent on the amount recovered; by contrast, attorney's fees awarded under 42 U.S.C. § 406(b) are contingent on the amount recovered and reflect the risk of non-payment if past-due benefits are not awarded. *Gisbrecht*, 535 U.S. at 807-08. Given the contingent nature of the representation, the work performed, and the results achieved, the requested fee is reasonable and does not result in an unearned windfall to counsel.

Upon review, and in accordance with the *Gisbrecht* standard, the Court finds that the contingent fee agreement between Plaintiff and Plaintiff's counsel is reasonable, and payment in the amount of $19,310.50 to Plaintiff's counsel under section 42 U.S.C. § 406(b) is reasonable and should be approved. It is therefore

ORDERED that Plaintiff's Motion for An Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 29) is granted. It is further

4

ORDERED that the Commissioner make payment to Plaintiff's counsel, the Parmele Law

Firm, P.C, in the amount of $19,310.50.   It is further

ORDERED that Plaintiff's counsel, upon receipt of payment in the amount of $19,310.50

under Section 406(b), refund to Plaintiff Wanona Snowden the EAJA attorney's fees previously

received by Plaintiff's counsel in the amount of $6,434.40.


                                                    /s/ Jill A. Morris
                                                   JILL A. MORRIS
                                        UNITED STATES MAGISTRATE JUDGE